UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SIMMIE KENDRY,

    Plaintiff,

vs.                                                                   Case No. 3:15-cv-248-J-34MCR

CO E. KRAFT, et al.,

    Defendants.

## **ORDER**

This case is before the Court upon limited remand from the Eleventh Circuit Court of Appeals to determine whether the appellant/plaintiff Simmie Kendry, proceeding pro se, "is entitled to have the period of time to file an appeal reopened pursuant to Federal Rule of Appellate Procedure 4(a)(6)." See Order of USCA (Doc. 95; Order on Remand). To make this determination, the Court will require the parties to submit relevant documentation and briefing.

On January 31, 2018, this Court denied Kendry's Motion for Summary Judgment (Doc. 78) and granted Defendants' Motion for Summary Judgment (Doc. 84). See Order (Doc. 88). The Clerk entered Judgment in a Civil Case (Doc. 89; Judgment) on February 2, 2018, which made the deadline for Kendry to file an appeal from the Judgment March 5, 2018. See Fed. R. App. P. 4(a)(1)(A) (stating that a notice of appeal must be filed within thirty days of entry of judgment). On March 6, 2018, one day beyond the time for filing his appeal, Kendry mailed a Notice of Interlocutory Appeal (Doc. 92; Notice of Appeal).[1] The

---

[1] The certificate of service of Kendry's Notice of Appeal bears a mailing date of March 6, 2018. Pursuant to Federal Rule of Appellate Procedure 4(c)(1), Kendry, who is an inmate of the Florida penal system, receives the benefit of the "mailbox rule." The docket reflects a filing date of March 12, 2018.

appellate court, interpreting Kendry's pro se filings liberally, construed his facially-untimely Notice of Appeal as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). See Order on Remand at 2 (citing Sanders v. United States, 113 F.3d 184 (11th Cir. 1997) (per curiam)). In his Notice of Appeal, Kendry states that the Court's Order on summary judgment was "forwarded" to him on February 7, but that he did not receive it until February 21, 2018. The appellate court construed this assertion to "suggest[] there may also have been an unusual delay in mailing the judgment to him." Id. at 3. In addition, Kendry styled his Notice of Appeal as "Interlocutory," which is consistent with not having received the Judgment. Id.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that the district court may reopen the time to file an appeal for a period of fourteen days only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[2] The question on remand is whether Kendry did not receive the notice of the entry of Judgment or Order sought to be appealed within twenty-one days after entry. According to the Clerk's docket entry, the Clerk mailed to Kendry copies of

---

[2] Federal Rule of Civil Procedure 77(d) provides that the Clerk of Court must immediately serve on the parties of record notice of entry of an order or judgment.

the Order and Judgment on February 2, 2018. The docket does not reflect when Kendry received the mailings, but the mail was not returned as undeliverable. See docket. To make a determination regarding whether Kendry should receive an extension of time under Rule 4(a)(6), the Court will direct Defendants to provide the Court with prison mailing logs from Kendry's penal institution for the relevant period. If the institution does not maintain a log of incoming prisoner mail, Defendants shall provide the Court with an institutional statement verifying such. It is unclear whether the Eleventh Circuit is directing this Court to engage in fact-finding related solely to the determination of the date on which Kendry received the Judgment, or whether this Court should also address the issue of prejudice under Rule 4(a)(6). In an abundance of caution and to develop a complete record, the Court further will direct both parties to address the issue of prejudice.

Therefore, it is now

**ORDERED:**

1. Defendants, by **May 28, 2018**, shall submit the prison mailing logs from Kendry's penal institution for the relevant period and shall submit a memorandum of law addressing whether any party will be prejudiced if Kendry were to receive the benefit of Rule 4(a)(6). If the institution does not maintain a log of incoming prisoner mail, Defendants shall provide the Court with an institutional statement verifying such.

2. Kendry, by **May 28, 2018**, shall submit to this Court a signed statement responsive to the appellate court's Order on Remand. Specifically, Kendry should "state in more detail how he learned of the entry of the February 2, 2018 judgment and the date, if any, he received notice of the judgment pursuant to Federal Rule of Civil Procedure 77(d)." See Order on Remand at 3. In addition, Kendry should address whether he or

Defendants would be prejudiced if Kendry were to receive the benefit of Rule 4(a)(6). Kendry is reminded of Rule 11, Federal Rules of Civil Procedure, which states that by signing papers or motions filed with the Court, a pro se party "certifies that to the best of [his] knowledge, information, and belief . . . the factual contentions have evidentiary support . . . and denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information."

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6

c:
Simmie Kendry, #102106
Counsel of Record

4